UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BOSTON OLD COLONY INSURANCE CO., )
(as subrogee of Victoria Marcotte and )
Alexander Fleming) )
 )
    Plaintiff, )
 )
V. )   **COMPLAINT**
 )
UNITED STATES OF AMERICA, )
LOUIS J. ZINNI, AND JENNIFER R. DAVIS )
 )
    Defendants. )

I.

This action arises under the Federal Tort Claims Act, 28 U.S.C. sect. 2761 et seq., and this Court has jurisdiction under the provisions of 28 U.S.C. sect. 1346(b). This Court has Supplemental Jurisdiction of the plaintiff's claims against pendent parties, Louis J. Zinni and Jennifer R. Davis, under the provisions of 28 U.S.C. sect. 1367(a).

II.

The Plaintiff Boston Old Colony Insurance Co. has a principal place of business at 4 Batterymarch Park, Quincy, Norfolk County, Massachusetts and is a duly organized corporation under the laws of the Commonwealth of Massachusetts, United States of America.

1

III.

Upon information and belief, the Defendant Louis J. Zinni is a United States citizen residing at 259 East High Street, Avon, Norfolk County, Massachusetts.

IV.

Upon information and belief, the Defendant Jennifer R. Davis is a United States citizen residing at 471 Sippewisett Road, Falmouth, Barnstable County, Massachusetts.

V.

On April 8, 2004, the Plaintiff submitted its claim in the amount of $28,961.62 to the Department of the Army, Ayer, Massachusetts, in accordance with statute, 28 U.S.C. sect. 2761 et seq. On August 18, 2004, the Department of the Army denied the Plaintiff's claim stating that its employee was not negligent. The Department of the Army further stated that if the Plaintiff was dissatisfied with the action taken on the claim, that the Plaintiff should file suit in an appropriate United States District Court no later than (6) months from the date of denial.

VI.

On October 17, 2003, Alexander Fleming, a resident of New Bedford, Bristol County, Massachusetts was operating a motor vehicle owned by Victoria Marcotte, a resident of New Bedford, County of Bristol, Massachusetts, which was insured with the Plaintiff, at or near Route 140 northbound in Lakeville, Massachusetts.

2

VII.

On October 17, 2003, Louis J. Zinni, Jennifer R. Davis, and Matthew Hebert, the latter Defendant acting as an agent, servant or employee of the United States of America, were operating their respective motor vehicles at or near Route 140 northbound in Lakeville, Massachusetts.

VIII.

Matthew Hebert, acting through the Defendant, United States of America, had a duty to refrain from negligent acts or omissions towards persons, including the Plaintiff's insureds herein, while operating a motor vehicle on a public roadway.

IX.

The Defendant, Louis J. Zinni, had a duty to refrain from negligent acts or omissions towards persons, including the Plaintiff's insureds herein, while operating a motor vehicle on a public roadway.

X.

The Defendant, Jennifer R. Davis, had a duty to refrain from negligent acts or omissions towards persons, including the Plaintiff's insureds herein, while operating a motor vehicle on a public roadway.

XI.

Matthew Hebert, while acting as an agent, servant or employee of the Defendant, United States of America, carelessly and/or negligently operated a motor vehicle and/or failed to maintain control of the United States of America's motor vehicle, resulting in a collision with the plaintiff's insured's, Victoria Marcotte, motor vehicle.

XII.

The Defendant, Louis J. Zinni, carelessly and negligently operated a motor vehicle in such a manner, and/or failed to properly maintain a motor vehicle in such manner that his negligence resulted in a collision involving the Plaintiff's insured's, Victoria Marcotte, motor vehicle.

XIII.

The Defendant, Jennifer R. Davis, carelessly and negligently operated a motor vehicle, in such manner that her negligence resulted in a collision involving the Plaintiff's insured's, Victoria Marcotte, motor vehicle.

COUNT ONE
(VERSUS UNITED STATES OF AMERICA)

XIV.

The Plaintiff hereby reavers and realleges each and every allegation contained within paragraphs I through XIII as if specifically set forth herein.

4

XV.

As a result of Mr. Hebert's negligent acts and/or omissions, while acting as an agent, servant or employee of the Defendant, United States of America, the Plaintiff's insured, Victoria Marcotte, sustained property damage to her motor vehicle in excess of $15,000.00 for which Ms. Marcotte submitted an insurance claim to the Plaintiff.

XVI.

The Plaintiff made payment of $15,658.92 for collision damage to the vehicle of its insured, Victoria Marcotte, and stands subrogated to her rights and causes of action to the extent of said payments.

COUNT TWO
(VERSUS LOUIS J. ZINNI)

XVII.

The Plaintiff hereby reavers and realleges each and every allegation contained within paragraphs I through XVI as if specifically set forth herein.

XVIII.

As a result of Mr. Zinni's negligent acts and/or omissions, the Plaintiff's insured, Victoria Marcotte, sustained property damage to her motor vehicle in excess of $15,000.00 for which Ms. Marcotte submitted an insurance claim to the Plaintiff.

XIX.

As a result of Mr. Zinni's negligent acts and/or omissions, the Plaintiff's insured operator, Alexander Fleming, suffered personal injuries and loss of income in excess of $9,000.00 for which Mr. Fleming submitted an insurance claim to the Plaintiff for Personal Injury Protection benefits.

XX.

The Plaintiff made payment of $15,658.92 for collision damage to the vehicle of its insured, Victoria Marcotte, and stands subrogated to her rights and causes of action to the extent of said payments.

XXI.

The Plaintiff made payment of $9,331.39 for Personal Injury Protection benefits in behalf of its insured's operator, Alexander Fleming, and stands subrogated to his rights and causes of action to the extent of said payments.

COUNT THREE
(VERSUS JENNIFER R. DAVIS)

XXII.

The Plaintiff hereby reavers and realleges each and every allegation contained within paragraphs I through XXI as if specifically set forth herein.

XXIII.

As a result of Mr. Davis' negligent acts and/or omissions, the Plaintiff's insured, Victoria Marcotte, sustained property damage to her motor vehicle in excess of $15,000.00 for which Ms. Marcotte submitted an insurance claim to the Plaintiff.

XXIV.

As a result of Mr. Davis' negligent acts and/or omissions, the Plaintiff's insured's operator, Alexander Fleming, suffered personal injuries and loss of income in excess of $9,000.00 for which Mr. Fleming submitted an insurance claim to the Plaintiff for Personal Injury Protection benefits.

XXV.

The Plaintiff made payment of $15,658.92 for collision damage to the vehicle of its insured, Victoria Marcotte, and stands subrogated to her rights and causes of action to the extent of said payments.

XXVI.

The Plaintiff made payment of $9,331.39 for Personal Injury Protection benefits in behalf of its insured's operator, Alexander Fleming, and stands subrogated to his rights and causes of action to the extent of said payments.

WHEREFORE,

a) The Plaintiff seeks judgment against the Defendants, United States of America, Louis J. Zinni, and Jennifer R. Davis, individually, or jointly and severally, as follows:

1. The sum of $15,152.65 for reimbursement of monies paid for collision damages to the Plaintiff's insured's motor vehicle resulting from the alleged accident.
2. Costs in this action.
3. Such other relief as the Court may deem proper.

b) The Plaintiff seeks judgment against the Defendants, Louis J. Zinni and Jennifer R. Davis, individually, or jointly and severally, as follows:

1. The sum of $9,331.39 for reimbursement of monies paid for collision damages and Personal Injury Protection benefits as a result of this motor vehicle accident.
2. Costs in this action.
3. Such other relief as the Court may deem proper.

Dated: Jan 21, 2005

THE PLAINTIFF
By its attorney,

*/s/ Jackson F. Quan*
Jackson F. Quan (BBP)
Bolden & Associates
10 Federal Street, Suite 210
Salem, MA 01970
Tel. 978-744-2162
Fax 978-744-6705

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) _____
   Boston Old Colony Insurance Co vs. United States of America, Louis Zinni & Jennifer Davis

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

   ☒  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ☐  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ☐  V.    150, 152, 153.

   05-10273 RCL

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   NONE

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐  NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐  NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐  NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☒  NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐  NO ☒

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐  NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Jackson F. Quan of Bolden & Associates
ADDRESS           10 Federal Street, Suite 210, Salem, MA 01970
TELEPHONE NO.     (978) 744-2162

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Boston Old Colony Insurance Co
(as subrogee of Victoria Marcotte et al)

**(b)** County of Residence of First Listed Plaintiff   NORFOLK
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

## DEFENDANTS
United States of America, Louis Zinni, Jennifer Davis

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

FILED IN CLERKS OFFICE
2005 FEB -10 P 6:42
U.S. DISTRICT COURT
DISTRICT OF MASS.

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☒ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Sect. 2761 et seq
Brief description of cause:
Action in tort for property damage sustained in a motor vehicle accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE 2/9/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____