UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON OLD COLONY INSURANCE CO. (as subrogee of Victoria Marcotte and Alexander Fleming)<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATE OF AMERICA, et al.<br><br>    Defendants. | Civil Action No. 05 10273 RCL |

## DEFENDANT'S ANSWER TO COMPLAINT

COMES NOW The United States of America ("Defendant"), by Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Mark Grady, Assistant United States Attorney, and, for its Answer to Plaintiff's Complaint, states as follows:

1. Paragraph 1 is a statement of jurisdiction to which no answer is required. To the extent an answer is required, the United States admits that this claim is filed against the United States pursuant to the Federal Tort Claims Act and that 28 U.S.C. §1367 provides for supplemental jurisdiction of substantially related claims.

2. The United States is without knowledge sufficient to admit or deny the allegations of paragraph 2, and, consequently denies those allegations.

3. The United States is without knowledge sufficient to admit or deny the allegations of paragraph 3, and, consequently denies those allegations.

4. The United States is without knowledge sufficient to admit or deny the allegations of paragraph 4, and, consequently denies those allegations.

5. The United States admits that on or about May 20, 2004, the Plaintiff submitted a standard Form 95 in compliance with the administrative requirements of the FTCA seeking $28,961.62. That claim was denied on or about August 9, 2004. The FTCA provides for a six-month statute of limitations between the denial of an administrative claim and filing of an action against the United States and the Army so informed the Plaintiff in its denial. The balance of the paragraphs' allegations are denied.

6. The United States admits that Fleming and was operating a vehicle on Route 140 north in or around Lakeville, Massachusetts on October 13, 2003. The United States is without knowledge sufficient to admit or deny the balance of the allegations of paragraph 6, and, consequently denies those allegations.

7. The United States admits the allegations of paragraph 7.

8. Paragraph 8 is a statement of law, not fact, and as such, requires no response. To the extent a response is required, the duty of the

United States in this action is determined by reference to the substantive tort law of Massachusetts.

9. Paragraph 9 is a statement of law, not fact, and as such, requires no response.

10. Paragraph 10 is a statement of law, not fact, and as such, requires no response.

11. The United States admits that Matthew Hebert is an employee of the United States and on the date of this accident was acting within the scope of his employment. The balance of the paragraph is denied.

12. The United States is without knowledge sufficient to admit or deny the allegations of paragraph 12, and, consequently denies those allegations.

13. The United States is without knowledge sufficient to admit or deny the allegations of paragraph 13, and, consequently denies those allegations.

## COUNT I

14. The United States herein incorporates its responses to paragraphs 1-13.

15. The United States denies the allegations of paragraph 15.

16. The United States is without knowledge sufficient to admit or deny the allegations of paragraph 16, and, consequently denies those allegations.

## COUNT II

17. This paragraph is directed to a defendant other than the United States. To the extent a response is required, the United States is without knowledge sufficient to admit or deny the allegations of paragraph 17, and, consequently denies those allegations.

18. This paragraph is directed to a defendant other than the United States. To the extent a response is required, the United States is without knowledge sufficient to admit or deny the allegations of paragraph 18, and, consequently denies those allegations.

19. This paragraph is directed to a defendant other than the United States. To the extent a response is required, the United States is without knowledge sufficient to admit or deny the allegations of paragraph 19, and, consequently denies those allegations.

20. This paragraph is directed to a defendant other than the United States. To the extent a response is required, the United States is without knowledge sufficient to admit or deny the allegations of paragraph 20, and, consequently denies those allegations.

21. This paragraph is directed to a defendant other than the United States. To the extent a response is required, the United States is without knowledge sufficient to admit or deny the allegations of paragraph 21, and, consequently denies those allegations.

## COUNT III

22. This paragraph is directed to a defendant other than the United States. To the extent a response is required, the United States is without knowledge sufficient to admit or deny the allegations of paragraph 22, and, consequently denies those allegations.

23. This paragraph is directed to a defendant other than the United States. To the extent a response is required, the United States is without knowledge sufficient to admit or deny the allegations of paragraph 23, and, consequently denies those allegations.

24. This paragraph is directed to a defendant other than the United States. To the extent a response is required, the United States is without knowledge sufficient to admit or deny the allegations of paragraph 24 and, consequently denies those allegations.

25. This paragraph is directed to a defendant other than the United States. To the extent a response is required, the United States is without knowledge sufficient to admit or deny the allegations of paragraph 25, and, consequently denies those allegations.

26. This paragraph is directed to a defendant other than the United States. To the extent a response is required, the United States is without knowledge sufficient to admit or deny the allegations of paragraph 26, and, consequently denies those allegations.

The balance of the Complaint contains requests for relief to which no response is required. To the extent that a response is required, the United

States denies that the Plaintiff is entitled to relief of any kind against the United States.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's recovery, if any, is limited to the damages recoverable under the Federal Tort Claims Act.

2. Pursuant to 28 U.S.C. § 2675(b), Plaintiff is prohibited from claiming or recovering an amount against the United States in excess of that set forth in Plaintiff's administrative claim.

3. Pursuant to 28 U.S.C. § 2402, Plaintiff is not entitled to a jury trial against the United States.

4. Plaintiff's Complaint fails to state a claim or any claim upon which relief can be granted.

5. Plaintiff's damages and losses, if any, were solely and proximately caused by Plaintiff's own negligence, carelessness or recklessness.

6. Plaintiff's fault and negligence in causing this alleged accident must be compared against the fault and negligence, if any, of Defendant, and Plaintiff's recovery, if any, must be diminished in proportion to Plaintiff's fault and negligence in causing the alleged accident. Further, Plaintiff is prohibited from recovering any amount against Defendant if the negligence of Plaintiff is determined to be greater than any fault of Defendant.

7. Pursuant to 28 U.S.C. § 2412(d)(1)(A), Plaintiff cannot recover attorney's fees from the United States.

8. Pursuant to 28 U.S.C. § 2674, Plaintiff is proscribed from recovering any amount for pre-judgment interest against Defendant.

9. The United States us entitled to judgment in its favor under the sudden emergency doctrine.

10. The United States is exempt from liability for damages to the Plaintiff for any payments made pursuant to the Personal Injury Protection Statute, M.G.L. c. 90 §34M.

## CROSS COMPLAINT

1. On October 17, 2003, Alexander Fleming, Matthew Hebert, Jennifer Davis and Louis Zinni were operating motor vehicles on Route 140 North in or around Lakeville, Massachusetts.

2. Zinni was operating his vehicle with an improperly secured ladder in the back.

3. Zinni's failure to properly secure the ladder constituted negligence.

4. On that date, the ladder fell of the back of Zinni's vehicle, causing Fleming, Hebert and Davis to take evasive action.

5. As a result of Zinni's negligence in failing to properly secure the ladder, the other three vehicles collided.

6. Zinni's negligence is the sole cause of the action in question.

## Contribution

Zinni is liable to the United States for contribution.

**Indemnity**

The United States is entitled to indemnification from Zinni for any and all judgments against it arising from this accident.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        UNITED STATES ATTORNEY

By:    /s/ Mark J. Grady
          Mark Grady
          Assistant United States Attorney
          District of Massachusetts
          One Courthouse Way
          United States Courthouse, Suite 9200
          Boston, Massachusetts  02210
          Telephone:   617/748-3136
          Fax:                617/748-3971

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was mailed this 29th day of June, 2005, to:

Laurie B. McGee
Bolden & Associates
10 Federal Street, Suite 210
Salem, MA 01970

Kevin McNamara
Law Offices of Charles F. Corcoran
45 William Street, Suite 210
Wellesley MA 02481

Louis Zinni
259 East High Street, 1st Floor
Avon, MA 02322

                                        /s/ Mark J. Grady
                                        Assistant United States Attorney