UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON OLD COLONY ) | |
| INSURANCE CO. (as subrogee ) | |
| of Victoria Marcotte and ) | |
| Alexander Fleming) ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 05-10273-RCL |
| ) | |
| v. ) | |
| ) | |
| UNITED STATE OF AMERICA, et al. ) | |
| ) | |
| Defendants. ) | |

## UNITED STATES PRE-TRIAL REPORT

Position Summary

A.  Plaintiff's Assertions [From the Plaintiff's Joint 16.1 Statement]

This is a subrogation action. As a result of an accident on October 17, 2003 Plaintiff, Boston Old Colony, paid the sum of $15,658.92 to or on behalf of its insured for its insured's property damage. Plaintiff's insured's vehicle, a 1999 Mercedes Benz was totaled a result of this accident. Plaintiff also paid the sum of $9,331.39 in personal injury protection benefits to or on behalf of the driver of its insured's vehicle, Alexander Fleming,who was injured as a result of this accident. The plaintiff stands subrogated to the extent of these payments.

Plaintiff states that its insured's driver, Alexander Fleming, was driving on Rte. 140 North. There were three vehicles in front of him. The first vehicle in line was a vehicle driven by the defendant, Louis Zinni. A ladder on his truck was negligently secured and came loose from the truck and fell on the road. The vehicle behind him was driven the by defendant, Jennifer Davis swerved to the right to the avoid the ladder and swerved back into the left hand lane in front of the vehicle driven by the third vehicle in the line of traffic. A vehicle driven by

the operator of the Defendant, US Army's vehicle. Plaintiff's insured moved into the right hand lane to avoid the accident and was established in this lane when the US Army vehicle swerved into his lane without looking to make sure it was safe to do so. The US Army vehicle sideswiped plaintiff's insured's vehicle and pushed it off the road. The driver of the US Army was talking on his cell phone as the accident happened.

B.      Concise Statement of the Defendant, The United States', Assertions

The instant claim involves a motor vehicle accident occurring on Route 140 in Lakeville, MA. Briefly, co-defendant Zinni was operating in the left hand lane with an improperly secured ladder. When the ladder came loose, the two vehicles behind Zinni (operated by the co-defendants) were forced to take emergency evasive action. Plaintiff, the fourth car in line, alleges that the operator of the United States' vehicle, the third car in line, and the co-defendant Davis, the second car in line, were negligent in swerving to avoid the ladder, forcing the operator of the United States' vehicle to collide with Plaintiff (who had also swerved into the right hand lane to avoid the ladder).

The United States denies liability of any kind in this motor vehicle accident, contends that the negligence of the co-defendant Zinni was the sole and exclusive cause of this accident and contests the nature and extent of the plaintiff's damages.

C.      Concise Statement of the Defendant, Jennifer Davis [From the Joint 16.1 Statement]

Like the United States, Jennifer Davis denies liability of any kind in this motor vehicle accident, contends that the negligence of the co-defendant Zinni was the sole and exclusive cause of this accident and contests the nature and extent of the plaintiff's damages.

D.      Concise Statement of the Defendant, Louis Zinni [From the Joint 16.1 Statement]

The defendant, Louis Zinni, states that on October 17, 2003, he was traveling on Route 140 north in the vicinity of exit 9 in Lakeville, Massachusetts, driving a 2003 Ford pick-up truck. In the back of the truck was a six foot ladder, secured carefully to the truck by Mr. Zinni. Jennifer Davis was driving behind the insured defendant. While traveling on Route 140, the insured's ladder came loose from the truck and fell into the road, directly in front of Ms. Davis. Evidence will show that Ms. Davis swerved to her left to avoid the ladder, hit the median strip, and swerved back right, in front of the US Army vehicle driven by Matthew Hebert, traveling behind Ms. Davis.

Evidence will show that at the time of the accident, Mr. Hebert was using his cell phone and did not brake when Ms. Davis swerved to avoid the ladder. Evidence will show that the subrogor's vehicle, driving behind the US Army vehicle, entered the right hand lane to avoid the accident. Evidence will show that once Mr. Hebert became aware of the ladder, he swerved his vehicle into the right lane without looking, colliding with the subrogor's vehicle, forcing the subrogor off of the road and into the woods, causing property damage to the subrogor's vehicle.

### Facts Established By Pleadings, Stipulation and Admisisons

None.

### Exhibits

None at this time.

### Probable Length of Trial

Three half days

### United States' Witnesses

1. SFC Glen Eisenberg, US Army Recruiting Station, 4 Woodruff Place, Naraganset, RI, 02882.  SFC Eisenberg is expected to testify regarding the circumstances of the accident.

2. SFC Matthew Hebert, US Army Recruiting Station, 4 Woodruff Place, Naraganset, RI, 02882.  SFC Hebert is expected to testify regarding the circumstances of the accident.

If not called by any other party, the United States will also call:

3. Victoria Marcotte.  Ms. Marcotte is expected to have knowledge of the damages at issue.

4. Jennifer Davis.  Ms. Davis is expected to have knowledge of the accident.

5. Louis Zinni.  Mr. Zinni is expected to have knowledge of the accident.

6. Alexander Fleming.  Mr Fleming is expected to have knowledge of the accident.

Respectfully submitted,

MICHAEL SULLIVAN
United States Attorney


By:  _/s/ Mark J. Grady____
Mark J. Grady
Assistant U.S. Attorney
John J. Moakley Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3136

**Certificate of Service**

The above document was served by first class mail upon all counsel not electronically notified of its filing on November 3, 2005.

/s/ Mark J. Grady
Mark J. Grady
Assistant U.S. Attorney