UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

BOSTON OLD COLONY INSURANCE CO., \*
(As subrogee of Victoria Marcotte and Alexander \*
Fleming), \*
                          Plaintiff       \*

vs.                               \*     Docket No:
                                    \*     05 CV 10273 RCL

UNITED STATES OF AMERICA,     \*
LOUIS ZINNI and JENNIFER R. DAVIS,     \*

                    Defendants       \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DEFENDANT, LOUIS ZINNI'S PROPOSED JURY INSTRUCTIONS

The Defendant requests the Court to instruct the jury as follows:

1. The mere fact that an accident happened, standing alone, does not permit the jury to draw the inference that the accident was caused by anyone's negligence. 2 Devitt & Blackmar, Federal Jury Practice & Instructions, §80.07 (3rd ed. 1977).

The mere happening of an accident, in and of itself, is not evidence of negligence. Swartz v. General Motors Corp., 375 Mass. 628, 633 (1978); Maher v. General Motors Corp., 370 Mass. 231, 234 (1976); Wardwell v. George H. Taylor Co., 333 Mass. 302 (1955).

The fact that injuries may have occurred and that certain parties are now here in Court should create no inference, and provide no evidence, that anyone may have been negligent in the circumstances. 2 Devitt & Blackmar, Federal Jury Practice and Instructions, §90.07 (3d ed. 1977); Borysewicz v. Dineen, 302 Mass. 461 (1939); Tallen v. Spellman, 302 Mass. 179 (1939).

3. You should give the testimony of each witness as much weight as in your judgment it is fairly entitled to receive. Jurors are the sole judges of the credibility of the witnesses, and if there is any conflict in their testimony, it is your function to resolve the conflict and to determine the truth.

In determining the credibility of a witness, and determining whether the witness is to be believed as to his or her testimony, you should consider the conduct and demeanor of the witness while testifying, the frankness or lack of frankness while testifying, the

reasonableness or unreasonableness of the testimony, the probability or improbability of the testimony, the accuracy of the witness' recollection, and the degree of intelligence shown by the witness.

You should take into consideration the character and appearance of the witness at trial in determining the credit to be given to his or her testimony. Ford v. Kremer, 360 Mass. 870 (1972) (rescript); Harding v. Studley, 194 Mass. 193, 196 (1936). Hughes, Evidence §237 at 272-273 (1961).

4. During your deliberations, you are only to consider the evidence that has been introduced, which is the testimony you heard given from the witness stand or contained in the exhibits. Any statements made by the attorneys in their examination of the witnesses and in their arguments to you are not evidence in the case, and should not be considered as you review the evidence. 2 Devitt and Blackmar, Federal Jury Practice and Instructions §11.13 at 309 (3d ed. 1977).

5. In this action, the plaintiff has the burden of proving by a preponderance of the evidence all of the facts necessary to prove the claims raised by his complaint. You will be instructed shortly on what these claims are, and the facts which the plaintiff must establish by a preponderance of the evidence in order to prove his claims.

In the law, the words "by a preponderance of the evidence" mean such evidence that, when weighed with the opposing evidence, has more convincing force and the greater possibility of truth than not. In the event that the evidence is evenly balanced, so that you are unable to say that the evidence on either side of an issue preponderates or predominates, then your finding upon that issue must be against the party who had the burden of proving it. In determining whether an issue has been proven by a preponderance of the evidence, you should consider all of the evidence bearing upon that issue, regardless of who produced it. Sargent v. Massachusetts Accident Co., 307 Mass. 246, 250 (1940).

6. In order to recover for negligence against the defendants the plaintiff must prove by a preponderance of the evidence three essential elements:

1. That the defendant owed a duty or obligation to exercise reasonable care to protect him for injury;

2. That the defendant breached that duty of care in the circumstances; and

3. That the breach of that duty proximately caused the injuries he alleged he received. Carroll v. Bouley, 338 Mass. 625, 627 (1959).

If the plaintiff fails to persuade you of any one of these elements, then you must find for the defendant. Nolan, Tort Law, §213 at 340-341 (1979).

7. "Comparative negligence is conduct which involves an undue risk of harm to the actor himself ... The plaintiff is required to conform [his conduct to] ... that of the reasonable person of ordinary prudence under like circumstances. The unreasonableness of the risks which he incurs is judged by [a] ... process of weighing the importance of the interest he is seeking to advance, and the burden of taking precautions against the probability and probable gravity of the anticipated harm against himself." Prosser and Keeton, Torts §65 at 453-454 (5th ed. 1984).

8. The fact that the Court is giving you instructions on the law of damages, standing by itself, is not relevant and should create no inference whether or not the jury should actually award damages in the individual circumstances of this case. You are being instructed on the subject of damages in this action, because it is my duty to instruct you as to all the law that may perhaps become pertinent in your deliberations. The fact that you are being instructed about damages should not be considered by you as intimating any view of my own on the issue of liability or as to which party is entitled to your verdict. Sullivan v. Old Colony St. Ry. Co., 197 Mass. 512 (1908); Nolan, Tort Law, §§205-207 at 328-331 (1979); 2 Devitt and Blackmar, Federal Jury Practice and Instructions §71.16 at 596-597 (3d. ed. 1977).

9. Any damages for which the plaintiff seeks recovery in this action must be proven and not left to guess work or speculation. ~~You are not permitted to award a party speculative damages; that is, compensation for future loss or harm which, although possible, is conjectural or not reasonably certain.~~ Lufkin's Real Estate, Inc. v. Asept, 349 Mass. 343, 346 (1965); Snelling & Snelling of Mass., Inc. v. Wall, 345 Mass. 634, 636 (1963).

*waived*
*AEL*
*11/3/05*

For the defendant,
Louis Zinni

ARTHUR E. LEVINE
& ASSOCIATES, PC

*[signature]*

Arthur E. Levine
BBO# 296460
30 Rowes Wharf, 3rd Floor
Boston, MA 02110
(617) 737-3000